UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

**UNITED STATES OF AMERICA**

    **vs.**                                                95-CR-384-003 (NAM)

**RAUL ANTONIO CORDOBA-MURGAS,**

                      Defendant.
_____

**APPEARANCES:**                                      **OF COUNSEL:**

Hon. Glenn T. Suddaby                        Grant Jaquith, Esq.
United States Attorney Assistant United States Attorney
Northern District of New York
P.O. Box 7198
100 South Clinton Street
Syracuse, New York 13261-7198

Robert G. Wells, Esq.
120 East Washington Street
Syracuse, New York 13202
*Attorney for Defendant*

**Hon. Norman A. Mordue, Chief U.S. District Judge**

**MEMORANDUM - DECISION AND ORDER**

      This matter has been the subject of several written decisions, familiarity with which is assumed. *See United States v. Cordoba-Murgas*, 233 F.3d 704 (2d Cir. 2000); *United States v. Murgas*, 31 F.Supp.2d 245 (N.D.N.Y. 1998); *United States v. Murgas*, 177 F.R.D. 97 (N.D.N.Y. 1998). On September 5, 2005, the Second Circuit remanded this case pursuant to *United States v. Crosby*, 397 F.3d 103 (2d Cir. 2005), for the Court to consider whether to resentence defendant Raul Antonio Cordoba-Murgas in conformity with the currently applicable statutory requirements explicated in the *Crosby* opinion. *United States v. Cordoba-Murgas*, 422 F.3d 65, 72 (2d Cir. 2005). Thus, the Court treats the United States Sentencing Guidelines as advisory and considers all of the

factors listed in 18 U.S.C. § 3553(a) to determine whether it would have imposed a materially different sentence. *Crosby*, 397 F.3d at 120.

On March 21, 1996, a grand jury for the Northern District of New York charged defendant in counts one, two and eight of an eight count second superseding indictment. Count one charged defendant with having failed to present himself at the time and place required by the Attorney General pursuant to a final order of deportation and for failing to depart from the United States within a period of six months from the date of the final order of deportation in violation of 8 U.S.C. § 1252(e). Count two charged defendant with Conspiracy to Possess With Intent to Distribute and to Distribute Cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. Count eight pertained to forfeitures. *See* Dkt. 38, Second Superseding Indictment. Following a six week trial, on June 26, 1997, a jury convicted Raul Antonio Cordoba-Murgas of count two. *See* Dkt. 245, Jury Verdict. At defendant's sentencing on December 15, 1998, Senior Judge Howard G. Munson adopted the factual findings and recommendations of the Probation Department as stated in its Presentence Investigation Report concerning application of the United States Sentencing Guidelines to defendant, which found that his criminal history category was I and his total offense level was 34, thereby providing a Sentencing Guidelines range of 151 to 188 months imprisonment. *See Cordoba-Murgas*, 233 F.3d at 707. The Court then sentenced Raul Antonio Cordoba-Murgas to a term of 151 months imprisonment, followed by five years of supervised release. *See* Dkt. 379, Judgment. Raul Antonio Cordoba-Murgas appealed the sentence imposed by this Court to the Second Circuit Court of Appeals. The Government cross-appealed, contending that this Court erred in applying an erroneous standard of proof in considering its motion to upwardly adjust the sentence of Raul Antonio Cordoba-Murgas pursuant to U.S.S.G. § 2D1.1(d)(1).[1] The Second Circuit Court of Appeals vacated the

---

[1] The Government had pressed the Court to apply an upward adjustment pursuant to U.S.S.G. § 2D1.1(d)(1) to defendant for his alleged involvement in the murders of Jason Jacobs and Kelly Coss in Rome, New York on January 12, 1995. The Court, however, had determined that before the alleged murders could trigger the requested upward adjustment,

sentence and remanded for resentencing holding, *inter alia*, that the Court had failed to apply the appropriate standard as to whether the upward adjustment specified in U.S.S.G. § 2D1.1(d)(1) was applicable to defendant. *United States v. Cordoba-Murgas*, 233 F.3d 704, 709 (2d Cir. 2000). Following that appeal, the Court conducted an evidentiary hearing during which the Government presented new evidence; however, the Court ultimately determined that the new evidence failed to add any further credible support to the Government's assertion that defendant was involved in the murders. *See United States v. Murgas*, 321 F.Supp.2d 451, 456 (N.D.N.Y. 2004). The Court reconsidered the evidence under the preponderance standard and resentenced defendant to be imprisoned for a term of 170 months followed by a term of supervised release of five years. *Id.* at 460.

A remand pursuant to *Crosby*, serves the "limited purpose of permitting the sentencing judge to determine *whether* to resentence, now fully informed of the new sentencing regime." *Crosby*, 397 F.3d at 117 (emphasis in original). In fact, the Court need not even determine what the sentence would have been, but rather, only that it "would have been nontrivially different." *Id.* at 118, n.20. Thus, a remand under *Crosby* requires the Court to consider, "based upon the circumstances at the time of the original sentence, *whether* to resentence, after considering the currently applicable statutory requirements as explicated in *Booker/Fanfan* . . . ." *Id.* at 120. The Court "should obtain the views of counsel, at least in writing, but 'need not' require the presence of the Defendant (citation omitted). Upon reaching its decision (with or without a hearing) whether to resentence, the District Court should either place on the record a decision not to re-sentence, with an appropriate explanation, or vacate the sentence and, with the Defendant present, re-sentence in conformity with the Sentencing Reform Act, *Booker/Fanfan*, [and *Crosby*], including an appropriate explanation." *Crosby*, 397 F.3d

---

the Government must prove defendant's involvement by clear and convincing evidence.

at 120.

Both parties submitted sentencing memoranda subsequent to the Second Circuit's *Crosby* remand. Defendant contends that the Court should resentence defendant in light of the currently applicable statutory requirements. Defendant argues that the Guidelines impacted the sentence imposed by the Court on May 26, 2004 in a nontrivial manner. *See* No. 505, Mem. at 3-5. The Government opposes resentencing of the defendant. *See* Dkt. No. 509, Mem. at 15-16.

The Court has reviewed the parties' submissions, the original judgment, and the original presentence report. In addition, the Court has reviewed *Booker* and *Crosby* and has considered all the sentencing factors listed in 18 U.S.C. § 3553(a), while keeping in mind that the United States Sentencing Guidelines are now advisory. Whether the Guidelines are advisory or not, the Court sees no basis to modify the original sentence. In light of all the facts, the Court finds that the sentence of 170 months imprisonment followed by five years of supervised release is reasonable and declines to resentence in light of *Booker* and *Crosby*.

Therefore, pursuant to *Crosby*, the Court declines to modify or change the original sentence and states that the sentence imposed in this case on May 26, 2004, would be imposed now under the principles enunciated in *Crosby* and *Booker*.

Accordingly it is hereby

ORDERED that resentencing in light of *United States vs. Booker*, 125 S.Ct. 738 (2005), and *United States v. Crosby*, 397 F.3d 103 (2d Cir. 2005), is DENIED; and it is further

ORDERED that the Clerk of the Court shall serve copies of this order by regular mail upon the parties to this action.

IT IS SO ORDERED.

Dated: September 24, 2008

Norman A. Mordue
Chief United States District Court Judge